UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

December 22, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Dana C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-3353-DRM

Dear Counsel:

On November 21, 2024, Plaintiff Dana C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 10, 13, 15. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed for Disabled Widow's Insurance Benefits ("DWIB") on October 28, 2019. Tr. 188-191. The Plaintiff was denied initially on December 10, 2020, and upon reconsideration on January 23, 2023. Tr. 84-87; Tr. 104-107. On December 5, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 108. Following the hearing, on March 20, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-31. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security on November 21, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Dana C. v. Frank Bisignano*
Civil No. 24-3353-DRM
December 22, 2025
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since June 18, 2018, the amended alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "anxiety, depression/bipolar disorder." Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels, but with the following nonexertional limitations: The claimant can perform simple, routine, and repetitive tasks in an environment where she is not expected to perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. [She] can perform work where there are few, if any, workplace changes. She can perform work where she has only occasional interaction with the public, coworkers, and supervisors.

Tr. 21-22. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy such as industrial cleaner, classifier, and addresser. Tr. 26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26.[3]

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.

---

[3] The ALJ found that Plaintiff met the non-disability requirements for disabled widow's benefits set forth in 42 U.S.C. § 402(e). Tr. 19.

*Dana C. v. Frank Bisignano*
Civil No. 24-3353-DRM
December 22, 2025
Page 3

1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.  ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC assessment is unsupported by substantial evidence because the ALJ improperly discounted the opinion of her treating psychiatric provider, Artelia Walker, CRNP-PMH ("NP Walker"), who documented marked and extreme limitations related to concentration, persistence, pace, and time off task. ECF No. 13-1 at 10. Plaintiff contends that the ALJ failed to account for her inability to attend work consistently and her periods of being off task due to panic attacks, depression, sleep disturbance, and other symptoms, despite vocational testimony that such limitations would preclude competitive work. *Id.* at 10-11.

In response, the Commissioner contends that substantial evidence supports the ALJ's RFC because the ALJ reasonably found the marked and extreme limitations listed in the Mental Capacity Assessment by NP Walker to be minimally persuasive. ECF No. 15 at 14. According to the Commissioner, the ALJ explained that NP Walker's Mental Capacity Assessment conflicted with her own treatment notes from 2018–2019, which repeatedly documented Plaintiff doing well with periods of depression. *Id.* The Commissioner further contends that the ALJ accounted for all supported mental limitations through restrictions to simple, routine work with no production pace, limited social interaction, and minimal workplace changes, and was not required to include off-task or absenteeism findings that the record did not substantiate. *Id.* at 10-20.

When evaluating medical opinions in claims filed on or after March 27, 2017[4], an ALJ must, as the Fourth Circuit recently explained:

> "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), -(c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).
>
> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies— that is, whether that source's conclusions are supportable by medical evidence and

---

[4] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

> consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025).

> The relevant regulations define these first two factors as follows:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

Although the ALJ cited the correct regulation, Tr. 22 (citing 20 C.F.R. 404.1520c), he did not explicitly discuss either supportability or consistency with respect to NP Walker's opinion. *See* Tr. 24. Rather, the ALJ's consideration of NP Walker's opinion consisted of the following paragraph, with his analysis confined to one sentence at the end:

> Africa Walker, CRNP provided a Mental Capacity Assessment from December 2020 which shows moderate impairment in performing within a work schedule and making simple work-related decisions. Marked and extreme impairments are indicated in responding to changes in the work setting, setting realistic goals, accepting instructions and responding appropriately to supervisors, completing a normal workweek performing at a consistent pace, performing activities within a schedule, and getting along with coworkers. Walker reported that the claimant endorsed racing thoughts with poor impulse control and exhibited poor judgment (Ex. 7F). *The assessment is minimally persuasive given that her own treating records show the claimant doing well with periods of depression* (Ex. 3F, 9F).

Tr. 24 (emphasis added).

Although not labeled as a supportability analysis, the ALJ's final sentence serves that function. NP Walker's opinion appears to be based entirely on her clinical observations as Plaintiff's treating provider. (That is, she does not report having conducted any additional testing or other diagnostic activity in connection with the Mental Capacity Assessment.) As such, inconsistencies between NP Walker's opinion and the observations on which it was based go to the opinion's supportability.

However, evaluating a medical opinion for inconsistency with that medical source's *own* treatment records is not an analysis of "consistency" within the meaning of 20 C.F.R. § 404.1520c(c)(2). That regulation requires analysis of consistency "with the evidence from *other* medical sources and nonmedical sources in the claim." (Emphasis added.) 20 C.F.R. § 404.1502(d) defines "medical source" as "an individual" who meets certain licensing or certification requirements. 20 C.F.R.§ 404.1502(e) provides examples of "non-medical sources," all of which are categories of individuals. In this context, "evidence from other medical sources and nonmedical sources" must therefore refer to evidence from other individuals and cannot refer to evidence from the *same* provider. *See, e.g., Travis W. v. Dudek*, No. 24-0159-CDA, 2025 WL 923407, at *3 (D. Md. Mar. 26, 2025); *Marie T. v. O'Malley*, No. 23-1320-CDA, 2024 WL 2114811, at *3 (D. Md. May 10, 2024). As such, the ALJ failed to articulate a consistency analysis under 20 C.F.R. § 404.1520c(c)(2), despite the requirement in subsection (b)(2) to explain that analysis.

The ALJ's failure to determine whether NP Walker's opinion was consistent with evidence from other sources may have been consequential. Had the ALJ appropriately considered the consistency of NP Walker's opinion, he might have come to a different determination of the weight that opinion should be given. This revised weight could have, in turn, altered Plaintiff's RFC, and potentially impacted the determination of whether Plaintiff is disabled.

In particular, the vocational expert ("VE") testified that an individual with Plaintiff's same age, education, and work experience who was "expected to be off task 15 percent or more of the workday or will be absent unexpectedly two or more days per month" would be unable to maintain employment in the jobs the VE identified or any other jobs in the national economy. Tr. 54. In NP Walker's opinion, Plaintiff would likely have "4+" absences per month; had marked limitations in the ability to complete a normal workday without interruptions from psychologically-based symptoms; and had extreme limitations in the abilities to complete a normal work week without interruptions from psychologically-based symptoms and to perform at a consistent pace with a one hour lunch break and two 15-minute rest period. Tr. 40. Had the ALJ given more weight to this opinion and included these limitations in the RFC, he might have found Plaintiff disabled based on the VE's testimony.

Therefore, remand is necessary so that the ALJ can provide an analysis of NP Walker's opinion that fully comports with 20 C.F.R. § 404.1520c. The Court takes no position on what level of persuasiveness, if any, should attach to NP Walker's opinions.

Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

*Dana C. v. Frank Bisignano*
Civil No. 24-3353-DRM
December 22, 2025
Page 6

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge